**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAMON LEE FLAGLER,

    Petitioner,

vs.                                  Case No.    3:10-cv-541-J-32MCR
                                                                   3:07-cr-283-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1).

Upon consideration of the motion and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED:**

1. The Government shall have until **September 3, 2010** to file its response indicating why the relief sought in the motion should not be granted.

2. As part of the initial responsive pleading required by paragraph one of this Order, the Government shall also:

    (a) State whether any bar, procedural or otherwise, operates against Petitioner herein, including whether Petitioner has used any other available federal remedies -- e.g., any prior post-conviction motions -- and if so, whether an evidentiary hearing was accorded to the movant in any federal court;

    (b) Unless already filed herein through previous proceedings, file and serve transcripts and/or narrative summaries in accordance with Rule 5(b) of the Rules Governing Section 2255 Cases in the United States District Courts and file them concurrently with the responsive pleading; and

(c) Summarize the results of any direct appellate relief sought by Petitioner, to include citation references and, if appropriate, copies of appellant and appellee briefs from any appellate proceeding.[1]

3. Petitioner may file a reply to the Government's responsive submission(s) no later than thirty (30) days following service of the Government's response.

4. Petitioner shall advise the Court of any change of address by filing herein with the Clerk of Court a "Notice of Change of Address." Failure to do so resulting in the Court's inability to serve Defendant will cause the dismissal of this case for failure to prosecute.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of July, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.
Copies:
counsel of record
pro se party

---

[1] The Government shall also indicate whether each claim was raised on direct appeal. If any of the claims were not raised on direct appeal, the Government shall indicate whether it waives the defense concerning the failure to raise the claim on direct appeal. See Cross v. United States, 893 F.2d. 1287, 1289 (11th Cir.), cert. denied, 111 S.Ct. 1381 (1990). If any of the claims were raised on direct appeal, the Government shall indicate whether it waives the defense concerning the relitigation of claims that were previously raised and disposed of on direct appeal. See United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981).